Lafayette Parish
Filed Oct 13, 2021 8:51 AM
Kirsten Batiste
Deputy Clerk of Court

C-20215323

# Lee C. Durio
## Attorney at Law

\*A Limited Liability Company

241 West Mills Avenue
Breaux Bridge, Louisiana 70517
www.duriolaw.com

Phone: (337) 909-1111
Fax:    (337) 909-1112
Email: leedurio@duriolaw.com

October 13, 2021

Clerk of Court                                          *Via Hand Delivery*
15th JDC, Lafayette Parish
P.O. Box 2009
Lafayette, LA 70502

> Re:   *Taylor Jones vs. The City of Broussard*
>       *15th JDC, Lafayette Parish, Louisiana, Docket No. _____*

Dear Clerk,

    Enclosed please find an original and two (2) copies of a *Petition for Damages and In Forma Pauperis Affidavit* for presentation to the appropriate Judge for review. Please file the original into the suite record and return one (1) stamped copy to the undersigned.

    Feel free to contact me with any questions or concerns you may have.

                        **DURIO LAW OFFICE, LLC**

                        Lee C. Durio
                        L.A. Bar Roll: 37453

LCD/cp
Enclosure

**STAMPED COPY GIVEN**

contacted Petitioner on his personal cell phone and gave him information on a complaint

Petitioner was investigating during his course and scope of employment at the Broussard Police

Department on November 17, 2020.

8.

During this text message exchange Decou repeatedly told Petitioner he could "cut lose

with him," "they could have fun outside of work," and "Petitioner could cut all the way loose

with him."

9.

Petitioner initially did not think Decou had negative motives at this time due to the

employee/employer relationship that existed at this time.

10.

During the same conversation Decou asked Petitioner if he had a snapchat and asked if

Petitioner wanted Decou to "add" Petitioner on snapchat. Petitioner then attempted to add Decou

on his snapchat as Decou was the leader of the police department and he felt it was in his best

interest to comply with Decou's request. Petitioner could not locate Decou's snapchat, however,

Decou found Petitioner's snapchat and added him a friend.

11.

Upon becoming friends with Decou on snapchat, Decou began to send **TAYLOR JONES**

inappropriate and sexual in nature images while Petitioner was working as a police officer during

his normal work hours.

12.

On November 17, 2020, Decou sent Petitioner a photograph of himself where it could

clearly be seen that Decou was naked. In this snapchat Decou had no shirt on and the camera was

positioned below his belly button but right above his genitals.

13.

Petitioner did not respond to this "snap."

14.

Decou then messaged him through snapchat and asked him if Petitioner "is gonna send

scandalous pics sometime?"

15.

Petitioner refused, but Decou then tried to convince Petitioner to do so anyway.



**Certified True and
Correct Copy**
CertID: 2021101900405

*ally BiBuan*

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

16.

Petitioner responded that he was married and he did not think his wife would approve of the same as a way to deflect the uncomfortable conversation.

17.

Decou continued to attempt to convince Petitioner to send him inappropriate pictures stating he did not think his wife would mind him doing so.

18.

At his time Petitioner advised Decou he was uncomfortable with his actions and Decou asked Petitioner to keep their conversations confidential.

19.

On the same night and after the conversation with Decou that he was uncomfortable with Decou's actions, Decou sent Petitioner another snap of Decou shirtless. In this snap Decou's face was positioned as a "kissy face" with text saying "goodnight."

20.

On the very next day November 18, 2020, Decou send Petitioner another snap fully clothed. This snap also made Petitioner very uncomfortable as Decou refused to cease all personal communication with him.

21.

Sometime after November 18, 2020, Decou send another snap with of himself and his boyfriend shirtless in their bed.

22.

Petitioner ignored both of the above referenced snaps. However, he took a screen shot on his phone of the snapchat, which notified Decou of this.

23.

Petitioner advised Decou that this was an accident and Decou responded "do you normally shoot prematurely like that?" and later messaged Petitioner "you need to be careful shooting prematurely like that" and included a laughing/crying face emoji.

24.

A few days later on or about November 25, 2020, Decou sent Petitioner a message on snapchat stating "you been quite lately."



Certified True and
Correct Copy
CertID: 2021101900405

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

25.

Petitioner responded that he was going through some personal issues, and Decou offered help, but Petitioner refused. Decou then messaged Petitioner if the issues were "about anything we talked about on here" and "just didn't want to have caused any issues," and "I'm here if you need anything."

26.

In December of 2020, Petitioner received another snapchat with Decou again shirtless advising "Santa was coming to town" and "goodnight."

27.

Petitioner again ignored Decou.

28.

Even after this conversations Decou continued to send "snapchats" to the Petitioner, but this time fully clothed and in his Broussard Police Department uniform while Decou was at his office at the Broussard Police Department.

29.

Petitioner immediately began looking for new employment following the incidents that occurred after November 18, 2020, as he was uncomfortable, worried, and scared of what Decou might do next.

30.

Petitioner resigned in March of 2021, due to the actions of Decou.

31.

Upon his resignation he notified Lt. Coy Burke of the harassment and actions of Decou and Lt. Burke told him "He understood his reason for resigning." Lt. Burke failed to offer Petitioner any resources, the opportunity to file a formal complaint, or any other protective measures.

32.

Prior to his resignation, Petitioner confided in Sergeant Hunter Fontenot about his interactions with the Chief. Sergeant Fontenot advised he contacted the Equal Employment Opportunity Commission.

33.

Petitioner contacted the Equal Employment Opportunity Commission in January of 2021



Certified True and
Correct Copy
CertID: 2021101900405

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

regarding the incident.

34.

Upon his resignation he provided his name, phone number, and copies of all of the snapchats, text messages, and messages and left them with Mayor Ray Bourque's secretary. He was never contacted by human resources or the mayor until nine (9) days later when he was contacted by attorneys representing the City.

35.

It was later learned that certain complaints of sexual harassment were not pursued by the department's leadership, more specifically Assistant Chief Chris Galvez who was recently terminated for his actions by the Broussard City Counsel.

36.

At no time during his employment did Petitioner consent to Decou's behavior.

37.

Petitioner avers the herein above-described accident was caused solely through the negligence of Defendants:

a).     In failing to property investigate allegations of sexual harassment,

b).     In failing to protect its employees from sexual harassment;

c).     In failing to property vet its employees;

d).     In failing to properly train employees on sexual harassment and how to report the same;

e).     In failing properly supervise its employees;

f).     In breaching its duty to provide a safe environment for their employees; and

g).     Other such instances, actions, or inaction resulting in negligent and/or intentional conduct which may be developed during further discovery.

38.

Petitioner, during his employment was protected, discriminated, and harassed on the basis of sex, specifically as defined by Louisiana Revised Statue under Louisiana Revised Statue 23:332(A)(1).

39.

As a result of the actions of the **CITY OF BROUSSARD** Petitioner suffered the


Certified True and
Correct Copy
CertID: 2021101900405

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

following damages:

     a)  Loss wages;

     b)  Mental anguish;

     c)  Emotional Distress

     d)  Anxiety;

     e)  Embarrassment;

     f)  Pain and Suffering

     g)  Loss of enjoyment of life;

     h)  Other such losses that may be proved at trial.

40.

Petitioner avers that as a result of her poverty and want of means, he is unable to pay court costs in advance or as they accrue, or to give bond or security, therefore, Petitioner shows by the affidavit annexed hereto that she is entitled to pursue this action under the provisions of Louisiana Code of Civil Procedure in *forma pauperis.*

**WHEREFORE**, Petitioner prays that the Defendants be held liable the Petitioner damages for an amount to be reasonable in the premises and all other just and equitable relief.

**RESPECTFULLY SUBMITTED:**

**DURIO LAW OFFICE, LLC**

**Lee C. Durio (#37453)**
241 W. Mills Avenue
Breaux Bridge, Louisiana 70517
T: 337-909-1111
F: 337-909-1112
Attorney for *Taylor Jones*

**PLEASE SERVE**
THE CITY OF BROUSSARD
Through its Mayor, Ray Bourque
310 E. Main Street
Broussard, Louisiana 70518



Certified True and
Correct Copy
CertID: 2021101900405

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Oct 13, 2021 8:51 AM
Kireston Batiste
Deputy Clerk of Court

C-20215323

| | |
|---|---|
| TAYLOR JONES | :15TH JUDICIAL DISTRICT COURT |
| VERSUS | : DOCKET NO.:   C-20215323 |
| THE CITY OF BROUSSARD | : LAFAYETTE PARISH, LOUISIANA |

*******************************************************************

### V E R I F I C A T I O N

STATE OF LOUISIANA

PARISH OF LAFAYETTE

    **BEFORE ME**, the undersigned authority, personally came and appeared:

    **TAYLOR JONES**, who after being duly sworn, did depose and state that:

    He is the Petitioner named in the above and foregoing Petition for Damages; that he has read same and that all statements contained therein are true and correct to the best of his knowledge, information and belief.


                                                 **TAYLOR JONES**

**SWORN TO AND SUBSCRIBED** before me this 17th day of September 2021.


                                 **NOTARY PUBLIC**

Certified True and
Correct Copy
CertID: 2021101900406

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/19/2021 1:40 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Taylor Jones                    *    15ᵗʰ JUDICIAL DISTRICT COURT

**VERSUS**                      *    DOCKET NUMBER: C-20215323 Div.___

The City of Broussard.          *    Lafayette PARISH, LOUISIANA

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

Lafayette Parish
Filed Oct 13, 2021 8:51 AM
Kireston Batiste
Deputy Clerk of Court

C-20215323

### In Forma Pauperis Affidavit

**All questions must be answered in full.**

**Note: Questions 2 and 3 should not be filled in if you are seeking protection from abuse.**

1. Your Full Name: _Taylor Jones_

    Social Security Number (Optional): ██████ _4478_ Date of Birth: _04/08/93_

    Age: _28_                                  Sex: _M_

2. Address: _905 Morgan St, Abbeville, LA 70510_
    (Box Number or Street Address)    (City and State)                (Zip Code)
    (See Note above)

3. Telephone Number(s): (HOME) _337-373-7948_ (WORK) _(831)262-0145_
    (See Note above)

4. Are you a Student? ☐ YES ☒ NO   If yes, please indicate the name of the school you
    are attending: _____   Enrollment Status: _____

5. Current Household:
    Single:☐ Married:☒ Separated:☐ Divorced:☐ Widowed:☐ Intimate partner:☐
    How many children do you support who are under 18? _1_
    How many children live with you? _1_   Do you have any other dependents? _no_
    State the Name, Age and Relationship to you of the children and dependents:

    | NAME | AGE | RELATIONSHIP |
    |------|-----|--------------|
    | Gavin Jones | 5 | Child |
    |  |  |  |
    |  |  |  |
    |  |  |  |

6. What is your current Occupation? _Range Safety Officer_ Are you employed? ☒ YES ☐ NO
    (If yes, please complete the following Employer Information)
    Name of Employer: _Louisiana Range Gun Club_
    Address: _313 W Lafayette St, Maurice, LA 70555_
    (Street Address)        (City and State)              (Zip Code)
    Telephone Number: _(337) 446-4596_ How long have you been employed? _5 mths_

    (If you are not employed, please provide information of your last employer)
    Name of last employer: _____
    Address: _____
    (Street Address)        (City and State)              (Zip Code)
    How long have you been unemployed? _____
    What were your monthly wages? _____

7. Gross Income: (a) State your gross earned income from wages and how you are paid:
    Weekly?☐ Bi-Weekly?☐ Monthly?☐ _Bi-Monthly_ Amount/month $ _960_

    (b) Apart from income or support listed in response to question 8(b) below, how much other
    income do you receive on a monthly basis? _Military_ ———————→ $ _284.93_

    (c) Monthly Deductions: Federal Income Tax: $ _97.50_ FICA: $ _159.12_   $ _256.32_

    (d) Other deductions: (explain) _State Tax_ $ _24.72_

    **TOTAL NET MONTHLY INCOME: (Add question 7 (a) + (b) less (c))** $ _1945.23_

    Page 1 of 4

**8(a).  If you are married and live with a spouse, please answer:**
Is your spouse employed? _No_  What is the occupation of your spouse? _____
Is your spouse paid Weekly? ☐ Bi-Weekly? ☐ Monthly? ☐ Amount/month $ _____
Name of spouse's employer: _____
Address: _____

|           | (Street Address) | (City and State) | (Zip Code) |
|-----------|------------------|------------------|------------|

Telephone Number: _____  How long has spouse been employed? _____

**8(b).  Do you or your spouse receive any of the following income or support?** ☑ YES ☐ NO
If yes, state the monthly amount.  SSI: $ _____  Disability: $ _____
Worker's Comp: $ _____  Unemployment Benefits: $ _____
Food Stamps: $ _234·00_  TANF: $ _____  Child Support: $ _____
Spousal Support: $ _____  Kinship Care Subsidy Grant: $ _____  Other: $ _____

If you are a client of a legal services program funded by the Legal Service Corporation or a Pro Bono Project that receives referrals from a legal services program and have a combined income from questions 7 and 8 that is less than or equal to 125% of the federal poverty level, skip all parts of question 9, and continue with question 10 on the next page.

**9.  Do you own or have an interest in any of the following? (Including community property)**

**A.**

| | VALUE OF INTEREST | BALANCE OWED |
|---|---|---|
| HOUSE | $ Rent | $ |
| AUTOMOBILE | $ | $ |
| TRUCK | $ 13,000·00 | $ 0 |
| WATERCRAFT | $ | $ |
| LIVESTOCK | $ | $ |
| MACHINERY | $ | $ |
| STOCK | $ | |
| BONDS | $ | |
| CERTIFICATES OF DEPOSIT | $ | |
| OTHER IMMOVABLE PROPERTY | Equity $ | Debt $ |

DO YOU HAVE A BANK ACCOUNT(S)? ☑ YES ☐ NO  Amount in account(s): $ _100·00_
☑ CHECKING ☐ SAVINGS  Name and Location of Bank: _Capital 1_
TOTAL VALUE OF ASSETS: $ ~~100·00~~ 13,100.00

**B. i.  List your Monthly Expenses:**

| | | |
|---|---|---|
| Rent: $ 675·00 | Cable: $ 0 | Car Note: $ 0 |
| Lot Rent: $ | Garbage: $ | Car Insurance: $ 160·00 |
| House Note: $ | Medical Insurance: $ | Transportation: $ 200·00 |
| House Insurance: $ | Medical Expenses: $ 40·00 | Food: $ 400·00 |
| Gas: $ 35·00 | Dental Expenses: $ 200·00 | Barber/Beauty: $ 40·00 |
| Electricity: $ 200·00 | Prescriptions: $ 20·00 | Entertainment: $ 200·00 |
| Water: $ w/ elec ↑ | Life Insurance: $ 40·00 | Grooming Supplies: $ 30·00 |
| Telephone: $ 120·00 | Daycare: $ | Garnishment: $ |
| Property Taxes: $ 0 | Child Support: $ | Other: $ |

Total Amount of section i: $ 2380·00

**ii.  Credit cards:** (List type of card and monthly payment)

| Card Name | Monthly Payment |
|---|---|
| | $ |
| | $ |
| | $ |
| | $ |

Total Amount of section ii: $ 0

**iii.  Financial Loans:** (List the financial institution and your monthly payment)

| Financial Name | Monthly Payment |
|---|---|
| | |
| | |
| | |

Total Amount of section iii: $ 0

**TOTAL MONTHLY EXPENSES: (Add 9B (i+ii+iii) =Total Monthly Expenses)** $ 2380·00

*Page 2 of 4*

**10. Does anyone regularly help you pay your expenses?** ☑ YES ☐ NO
(a)  If yes, state that person's name and relationship to you.
Name: Rachel Boudin        Relationship: _____
(b). Do you have any additional income or assets that are not shown above? ☐ YES ☑ NO
If you answered yes to either (a) or (b), please explain:
She helped w/ my dental expenses

**11. If you have an attorney, what arrangements have you made to pay your attorney's fee? What amount, if any, have you paid?** (You are required to answer fully.)
Contingency fee

**12. Has your attorney or the Notary Public told you that you may go to jail if you intentionally give a false answer to any of the above questions?** ☑ YES ☐ NO

## MOVER'S AFFIDAVIT

STATE OF LOUISIANA
PARISH OF   St. Martin

BEFORE ME the undersigned authority personally came and appeared:
Taylor Jones

who, after being duly sworn, deposed and said:

1.  He/She provided the information above; that the information is furnished to the court for the purpose of requesting permission to litigate the above captioned lawsuit without paying the costs in advance or as they accrue or furnishing security therefor.

2.  That the above information is a true and correct statement of his/her financial condition.

3.  That the pleading and all allegations of fact therein are true and correct; and that because of his/her poverty and want of means, he/she is unable to pay the costs of court in advance or as they accrue, nor is he/she able to provide security therefor.

4.  He/She has read and understands the privilege contained in the notice below.

## NOTICE

Although you may be granted the privilege of proceeding without prepayment of costs, **SHOULD JUDGMENT BE RENDERED AGAINST YOU, YOUR STATUS AS A PAUPER DOES NOT RELIEVE YOU OF THE OBLIGATION TO PAY THESE COSTS.**

The privilege to proceed *IN FORMA PAUPERIS* is restricted to litigants who are clearly entitled to do so, with due regard to the nature of the proceeding, the court costs which otherwise would have to be paid, and the ability of the litigant to pay them or to furnish security therefor, so that the indiscriminate filing of lawsuits may be discouraged, without depriving a litigant of the benefit of proceeding *in forma pauperis* if he/she is entitled to do so.

_____
Mover's Signature

SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in Breaux Bridge Louisiana, this 17th day of September, 2021.

_____
**NOTARY PUBLIC**

Page 3 of 4

## THIRD PARTY AFFIDAVIT

**STATE OF LOUISIANA**
**PARISH OF** ___St. Martin___

   **BEFORE ME,** personally came and appeared: ___Rachael Baudin___,
who, after being sworn, deposed and said that he/she knows ___Taylor Jones___
well and that he/she knows that because of his/her poverty and want of means, he/she is unable
to pay the costs of court in advance or as they accrue, nor is he/she able to provide bond therefor.

_____
Signature of Witness

   SWORN TO AND SUBSCRIBED BEFORE ME, a Notary Public in ___Breaux Bridge___
Louisiana, this 17th day of ___September___, 2021.

_____
NOTARY PUBLIC

## LEGAL SERVICE PROGRAMS' DECLARATION

   **I ATTEST** that I am a duly authorized representative of a Legal Services Program funded
by the Legal Service Corporation or a Pro Bono Project that receives referrals from one of these
Legal Service Programs, and that _____ has produced evidence
that he/she receives public assistance benefits, or that he/she has qualified to receive free legal
services based on his/her income being less than or equal to 125% of the federal poverty level
and therefore is entitled to a rebuttable presumption that he/she is entitled to the privilege of
litigating without prior payment of costs.

_____
Legal Services Program or Pro Bono Project Representative

## ORDER

   **Considering the foregoing Pleading and Affidavits:**
let _____. prosecute or defend this litigation in accordance with
Louisiana Code of Civil Procedure, Article 5181, et. seq., without paying the costs in advance or
as they accrue or furnishing security therefor.

   **THUS, READ AND SIGNED, this** _____ day of _____, 200___, in
_____, Louisiana.

_____
DISTRICT JUDGE

THOMAS R. DUPLANTIER
10/18/2021
LAFAYETTE, LA

Page 4 of 4

http://www.lssc.org/rules/filst.ct/COURTRULESAPPENDIXX0.PDF





LAFPC.CV.63295455

Requested by Atty.: DURIO, LEE C

# CITATION

**TAYLOR JONES**

**VS**

**CITY OF BROUSSARD**

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20215323 I**

**PARISH OF LAFAYETTE, LOUISIANA**

**STATE OF LOUISIANA**

TO: **THE CITY OF BROUSSARD**
**THROUGH ITS MAYOR, RAY BOURQUE**
**310 E. MAIN STREET**
**BROUSSARD, LA 70518**



RECEIVED
OCT 1 8 2021
Lafayette Parish
Sheriff Office

of the Parish of Lafayette

You are hereby cited to comply with the demand contained in the petition, a certified copy of which accompanies this citation, (exclusive of exhibits). You should file an answer or other pleading to said petition in the office of the Clerk of the 15th Judicial District Court in the Lafayette Parish Courthouse, Lafayette, Louisiana, within fifteen (15) days after the service hereof. Alternatively, your failure to comply herewith will subject you to the penalty of entry of default judgment against you.

WITNESS THE HONORABLE JUDGES OF SAID COURT, this OCTOBER 19, 2021.

L.P.S.O. Badge# _13113_

**ACTUAL SERVICE MILEAGE:** _14.4_

_Abby Burdman_
Deputy Clerk of Court
Lafayette Parish

**\*Attached are the following documents:**
**PETITION FOR DAMAGES AND VERIFICATION**

---

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: _10/20/21_ , 20___ TIME: _0819_

SERVED:

PERSONAL ( X ) _Tina Emert Tina Emert_

DOMICILIARY ( ) ON _____

UNABLE TO LOCATE ___ MOVED ( ) NO SUCH ADDRESS ( )

OTHER REASON: _____

RECEIVED TOO LATE FOR SERVICE ( )

SERVICE OF WITHIN PAPERS

COSTS FEE $ _30_ MILEAGE $ _706_ TOTAL $ _3806_

DEPUTY _Nell Phillips_

Lafayette Parish Clerk of Court
Filed This Day

OCT 2 2 2021

_Devyn Smith_
Deputy Clerk of Court

| Lafayette Parish |
| Filed Oct 27, 2021 9:03 AM |
| Simone Vaughan |
| Deputy Clerk of Court |

C-20215323

# Lee C. Durio
## Attorney at Law

*A Limited Liability Company

241 West Mills Avenue
Breaux Bridge, Louisiana 70517
www.duriolaw.com

Phone: (337) 909-1111
Fax:    (337) 909-1112
Email: leedurio@duriolaw.com

October 22, 2021

Clerk of Court                                                    *Via Hand Delivery*
15th JDC, Lafayette Parish
P.O. Box 2009
Lafayette, LA 70502

**Re:    *Taylor Jones vs. The City of Broussard***
**     *15th JDC, Lafayette Parish, Louisiana, Docket No. C20215323I***

Dear Clerk,

Enclosed please find an original and one (1) copies of a *Civil Case Cover Sheet* for presentation to the appropriate Judge for review. Please file the original into the suite record and return one (1) stamped copy to the undersigned. **STAMPED COPY MAILED**
**October 27, 2021      HD**

Feel free to contact me with any questions or concerns you may have.

**DURIO LAW OFFICE, LLC**

Lee C. Durio
L.A. Bar Roll: 37453

LCD/cp
Enclosure

Lafayette Parish
Filed Oct 27, 2021 9:03 AM
Simone Vaughan
Deputy Clerk of Court

C-20215323

## LOUISIANA CIVIL CASE REPORTING
### Civil Case Cover Sheet - LA. R.S. 13:4688 and
### Part G, §13, Louisiana Supreme Court General Administrative Rules

This civil case cover sheet shall be completed by counsel for the petitioner, counsel's authorized representative, or by the self-represented litigant (if not represented by counsel) and submitted with the original petition filed with the court. The information should be the best available at the time of filing. This information does not constitute a discovery request, response or supplementation, and is not admissible at trial.

**Suit Caption:**

Taylor Jones                    vs. City of Broussard

**Court:** 15ᵗʰ JDC          **Docket Number:** C-2021 - 5323 I

**Parish of Filing:** Lafayette     **Filing Date:** 10-13-21

**Name of Lead Petitioner's Attorney:** Lee C. Durio

**Name of Self-Represented Litigant:** N I A

**Number of named petitioners:** 1        **Number of named defendants:** 1

**Type of Lawsuit:** Please check the categories which most appropriately apply to this suit (no more than 3 categories should be checked):

__Auto: Personal Injury                    __ Auto: Property Damage
__Auto: Wrongful Death                     __ Auto: Uninsured Motorist
__Asbestos: Property Damage                __ Asbestos: Personal Injury/Death
__Product Liability                        __ Premise Liability
__Intentional Bodily Injury                __ Intentional Property Damage
__Intentional Wrongful Death               __ Unfair Business Practice
__Business Tort                            __ Fraud
__Defamation                               __ Professional Negligence
__Environmental Tort                       __ Medical Malpractice
__ Intellectual Property                   __ Toxic Tort
__ Legal Malpractice                       ✓Other Tort (describe below)
__ Other Professional Malpractice          __ Redhibition
__ Maritime                                __ Class action (nature of case)
__ Wrongful Death
__General Negligence

**Please briefly describe the nature of the litigation in one sentence of additional detail:**
Petitioner was sexually Harassed by a employee of Defendant

Following the completion of this form by counsel, counsel's representative, or by the self-represented litigant, this document will be submitted to the Office of the Judicial Administrator, Supreme Court of Louisiana, by the Clerk of Court.

**Name, address and contact information of person completing form:**

Name Lee C. Durio           Signature

Address 241 W. Mills Avenue Breaux Bridge LA 70517

Phone number: 337-909-1111   E-mail address: leedurio@duriolaw.com

Lafayette Parish
Filed Oct 28, 2021 10:25 AM
Abby Brinkman
Deputy Clerk of Court
E-File Received Oct 28, 2021 10:07 AM

C-20215323

## 15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

## STATE OF LOUISIANA

NO.: C-20215323                                 DIVISION "I"

### TAYLOR JONES

### VERSUS

### CITY OF BROUSSARD

FILED:_____      _____

                                         **DEPUTY CLERK**

## MOTION FOR EXTENSION OF TIME TO FILE RESPONSIVE PLEADINGS

Defendant, **City of Broussard,** through undersigned counsel, respectfully moves this Court for entry of an order extending the time period for Defendant to file responsive pleadings to the Plaintiff's Petition for Damages an additional thirty (30) days or until on or before December 6, 2021. Defendant represents that service was made on October 20, 2021 and thus, responsive pleadings are presently due on November 4, 2021 and additional time is needed to investigate the claims asserted and file appropriate responsive pleadings. Defendant further represents that there has been no previous extension of time granted and the opposing party has no objection to this request for an extension of time.

Defendant, City of Broussard reserves, and does not waive, any and all defenses and exceptions to the Petition filed in this case.

**WHEREFORE,** Defendant, City of Broussard, respectfully requests this Court to enter the accompanying order extending the time to file responsive pleadings for thirty (30) days or until on or before December 6, 2021.

Respectfully submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: _Philip Giorlando_

E. Fredrick Preis, Jr. (La. Bar No. 10704)
Eve B. Masinter (La. Bar No. 1218), T.A.
Philip J. Giorlando (La. Bar No. 38234)
First Bank & Trust Tower, Suite 1500
909 Poydras Street
New Orleans, LA 70112-4004
Telephone: (504) 584-5468
Fax: (504) 617-7928
fred.preis@bswllp.com
eve.masinter@bswllp.com
philip.giorlando@bswllp.com

*Counsel for Defendant, City of Broussard*

NO TRIAL DATE SET

323411.v1


Certified True and
Correct Copy
CertID: 2021102800370

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/28/2021 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

**15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

NO.:  C-20215323                                                    DIVISION "I"

**TAYLOR JONES**

**VERSUS**

**CITY OF BROUSSARD**

FILED:_____        _____
                                                            **DEPUTY CLERK**

**ORDER**

IT IS ORDERED that mover, City of Broussard, be and is hereby granted an extension of

time of thirty (30) days or until December 6, 2021, within which to file responsive pleadings to

Plaintiff's Petition for Damages.

Lafayette, Louisiana, this _____ day of _____, 2021.

SIGNED IN LAFAYETTE, LOUISIANA ON 10/28/2021.

_____
**JUDGE**
**ANDRE' DOGUET, COMMISSIONER**
**15TH JUDICIAL DISTRICT COURT**

STATE OF LOUISIANA PARISH OF LAFAYETTE

I HEREBY CERTIFY THAT A CERTIFIED COPY
OF THIS ORDER HAS BEEN
MAILED/SERVED ON ALL PARTIES THIS
**October 29, 2021**

_____
DEPUTY CLERK OF COURT
CC: PHILIP GIORLANDO ✓
        LEE DURIO

323411.v1

Certified True and
Correct Copy
CertID: 2021102800370

Lafayette Parish
Deputy Clerk of Court

Generated Date:
10/28/2021 12:59 PM

Alteration and subsequent re-filing of this certified copy may violate La. R.S. 14:132, 133, and/or RPC Rule 3.3(a)(3).

Lafayette Parish
Filed Dec 06, 2021 1:45 PM       C-20215323
Maria Arceneaux
Deputy Clerk of Court
E-File Received Dec 06, 2021 12:26 PM

**15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE**

**STATE OF LOUISIANA**

NO.: C-20215323                                                    DIVISION "I"

**TAYLOR JONES**

**VERSUS**

**CITY OF BROUSSARD**

FILED:_____

_____

DEPUTY CLERK

## PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION

Defendant City of Broussard ("City"), through undersigned counsel, respectfully submits this Peremptory Exception of No Cause of Action to Plaintiff Taylor Jones' ("Jones") Petition for Damages, and avers the following necessitating dismissal of Jones' Petition for Damages with prejudice and at his costs, all as explained in greater detail in the accompanying Memorandum:

(a) Jones fails to state a cause of action against the City for any unintentional tort claims, including general negligence and negligent hiring, retention, training, and supervision, because employees are prohibited from filing such claims against their employers pursuant to LA. REV. STAT. 23:1032;

(b) Jones fails to state a cause of action against the City for any alleged conduct of former Chief of Police, Brannon Decou ("Decou"), because Jones fails to allege the required elements of LA. REV. STAT. 42:1441.3(B) such as to establish that the City is responsible for the actions of Decou — an elected official;

(c) Jones fails to state a cause of action for hostile work environment due to sexual harassment as he fails to allege acts so severe or persuasive as to alter the conditions of the workplace and create an abusive working environment;

(d) Jones fails to state a cause of action for negligent hiring, retention, training, and supervision because the facts alleged in his Petition are insufficient to support the elements of such a claim; and

(e) Jones fails to state a cause of action for discrimination because he fails to allege any facts whatsoever to support that discrimination occurred.

335897.v1

WHEREFORE, Defendant City of Broussard respectfully moves that this Court grant its Peremptory Exception of No Cause of Action and dismiss with prejudice and at cost to Plaintiff, all Jones' claims contained in his Petition for Damages.

Respectfully Submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: _____

Fredrick E. Preis (Bar # 10704)
Eve B. Masinter (Bar #1218)
Philip J. Giorlando (Bar #38234)
909 Poydras Street
Suite 1500
New Orleans, LA 70112
Telephone: (504) 584-5468
Facsimile: (504) 584-5452
E-mail:    eve.masinter@bswllp.com
E-mail:    philip.giorlando@bswllp.com

*Attorneys for Defendant,*
*City of Broussard*

2

335897.v1

| Lafayette Parish |
| Filed Dec 06, 2021 1:45 PM |
| Maria Arceneaux |
| Deputy Clerk of Court |
| E-File Received Dec 06, 2021 12:28 PM |

C-20215323
I

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Peremptory Exception of No Cause of Action has been served by e-mail and/or first-class mail upon all counsel of record this 6th day of December, 2021.

_____
EVE B. MASINTER

3

335897.v1

Lafayette Parish
Filed Dec 06, 2021 1:45 PM    C-20215323
Maria Arceneaux
Deputy Clerk of Court
E-File Received Dec 06, 2021 12:28 PM

15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE

STATE OF LOUISIANA

NO.: C-20215323                                        DIVISION "I"

TAYLOR JONES

VERSUS

CITY OF BROUSSARD

FILED:_____

                                       DEPUTY CLERK

### DEFENDANT'S MEMORANDUM IN SUPPORT OF PEREMPTORY EXCEPTION OF NO CAUSE OF ACTION

NOW INTO COURT, through undersigned counsel, comes Defendant, City of Broussard ("City") and submits this Memorandum in Support of its Peremptory Exception of No Cause of Action, pursuant to Louisiana Code of Civil Procedure Article 927(A)(5).

All claims in Plaintiff Taylor Jones' ("Jones") Petition for Damages should be dismissed with prejudice because he has failed to allege facts sufficient to state a single cause of action against Defendants.

### LAW AND ARGUMENT

a. *Standard for Granting an Exception of No Cause of Action*

A peremptory exception of no cause of action is the proper procedural mechanism to challenge Jones' claims against Defendants because it tests the legal sufficiency of a pleading. *Ramey v. Decaire*, 869 So.2d 114, 118 (La. 3/19/04). The exception of no cause of action is triable on the face of the pleadings. *Scheffler v. Adams & Reese, LLP*, 2006-1774 (La. 2/22/07), 950 So.2d 641, 646. The only issue to be considered in granting the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93, 96 (La.1975); *Everything on Wheels Subaru, Inc. v. Subaru South, Inc.*, 616 So.2d 1234, 1235 (La. 1993). Further, Louisiana's fact-pleading system requires a plaintiff to allege specific facts in his petition to support his claims in order to establish a cause of action. *Goad v. May*, 376 So.2d 340, 342 (La. App. 3 Cir. 10/10/1979). Mere conclusions are insufficient to state a cause of action if unsupported by facts. *Ramey*, 869 So.2d 114 at 118.

335897.v1

b. *Jones's Negligence Claims are Barred by Louisiana Workers' Compensation Law's Exclusive Remedy Rule*

Louisiana Workers' Compensation Law provides the exclusive remedy for work-related injuries occurring in the normal course and scope of employment. LA. REV. STAT. 23:1032; *Gallant v. Transcontinental Drilling Co.*, 471 So.2d 858, 861 (La. App. 2ⁿᵈ Cir. 6/12/85) ("...a worker is ordinarily limited to recovering workers' compensation benefits rather than tort damages for injuries which are sustained on the job."). As such, an employee is precluded from suing an employer and its officers for unintentional torts. *Bazley v. Tortorich* 397 So.2d 475, 479 (La. 1981) ("The exclusive remedy rule prevents an employee from seeking recovery in tort for a work-related injury negligently caused by his co-employee."); *Price v. Circle K*, 649 So.2d 1210, 1212 (La. App. 3rd Cir. 2/1/95) citing *Adams v. Time Saver Stores, Inc.*, 615 So.2d 460, 464 (La. App. 4th Cir.1993) ("Because of the exclusive nature of the worker's compensation remedy the defendants' negligence is not a material issue."); *Hood v. South Louisiana Medical Center*, 517 So.2d 469, 471 (La. App. 1st Cir.1987) (the general rule is that an employee's exclusive remedy for a job related injury is workers' compensation.).

In *Driesse v. Nat'l Oilwell Varco, LP*, the Third Circuit Court of Appeal affirmed the dismissal of an employee's negligent hiring, training, and supervision claims against its borrowed employer based on alleged sexual harassment injuries pursuant to the Louisiana Workers' Compensation Law's exclusive remedy rule. 2014-125 (La. App. 3 Cir. 1/14/15), 170 So. 3d 996, 1001, *writ denied sub nom. Driesse v. Nat'l Oil Well Varco, LP*, 2015-0310 (La. 4/24/15), 169 So. 3d 359. All of Jones' negligence claims should be dismissed with prejudice for precisely the same reason as the employee's claims in the *Driesse* case.

In *Tumbs v. Wemco Inc.*, the Fourth Circuit Court of Appeal sustained a district court order dismissing the plaintiff's negligent infliction of emotional distress claim arising out of workplace harassment. *Tumbs v. Wemco Inc.*, 714 So.2d 761, 762 (La. App. 4 Cir. 4/22/98). The Court reasoned that because the alleged conduct by the plaintiff's employer and supervisor arose in the course and scope of her employment, the question of whether her negligent claims were barred by workers' compensation was a question of law. *Id.* at 762. The Court held that because the harassment complained of by the employee occurred within the course and scope of her employment, her exclusive remedy was through workers' compensation. *Id.* at 763. In a more recent workplace harassment case, the Fourth Circuit cited to *Tumbs* and found that a negligent

2

335897.v1

infliction of emotional distress claim against the employer was barred by the Louisiana Workers'
Compensation Law. *Bourgeois v. Curry*, 921 So.2d 1001, 1010 (La. App. 4 Cir. 12/14/05).

Similarly, here Jones has alleged that the "unwanted nor provoked sexual harassment" by
former Chief of Police Brannon Decou ("Decou") occurred "during his course and scope of
employment at the Broussard Police Department." Petition for Damages, ¶ 7. Also, Jones alleges
that Decou began to send messages "while Petitioner was working as a police officer during his
normal work hours." Petition for Damages, ¶ 11. Jones further avers in Paragraph 37 of his Petition
that this sexual harassment was caused *solely* through the negligence of Defendants. Because
Jones' claims are based in negligence, he is barred from bringing a tort claim against his employer,
the City, and must seek recourse through the Louisiana Workers' Compensation Law. *Bourgeois*,
921 So.2d at 1010 ("Although [plaintiff] argues that [defendant's] liability should be assessed
under a duty-risk analysis, we are cognizant that an employee's claims for injuries arising in the
workplace that sound in negligence are precluded by the Louisiana Workers' Compensation
Statute."). Therefore, Jones' negligence claims, including claims of general negligence and
negligent hiring, retention, supervision, and training, must be dismissed with prejudice as a matter
of law. *See Driesse,* 170 So. 3d at 1001.

### c. *Jones Has Failed to Allege the Requisite Elements of Louisiana Civil Code Article 2320 for the Acts of Decou*

In addition to the dismissal of all the negligence claims as a matter of law, all of Jones' claims
against the City based on Decou's actions must be dismissed because Jones has failed to allege the
necessary facts to state a cause of action against the City for vicarious liability for the alleged
conduct of former Chief of Police Brannon Decou, an elected official, under the theory of
*respondeat superior.*

To establish vicarious liability under the theory of *respondeat superior*, pursuant to Louisiana
Civil Code Article 2320, an employer-employee or master-servant relationship must be
established. Jones has failed to allege such a relationship between the City and Decou in his
Petition for Damages. *Honor v. Tangipahoa Parish School Bd.* 136 So.3d 31, 35 (La. App. 1st Cir.
11/1/13) (noting that "a master is answerable for the damage occasioned by his servants, in the
exercise of the functions in which they are employed.").

Pursuant to LA. REV. STAT. 33:381(B), the chief of police for any municipality, including the
City, is elected at large. Accordingly, the chief of police is statutorily designated as a public officer
under LA. REV STAT. 42:1. This designation does not establish a presumption that a chief of police

3

335897.v1

is an employee of a municipality. Rather, because a public officer may be elected to serve a municipality without being "under the direct control of the particular body" he serves, a legal determination is required to ascertain whether a political subdivision is a master of an elected public officer. LA. REV. STAT. 42:1441.3(D); *Johnson v. City of Pineville*, 9 So.3d 313 (La. App. 3rd Cir. 4/8/09).

In *Johnson v. City of Pineville*, the Third Circuit Court of Appeal sustained the grant of a peremptory exception of no cause of action for the City of Pineville when the plaintiff failed to sufficiently allege that the clerk of court – an elected official – was an employee for purposes of *respondeat superior* liability. *Johnson*, 9 So.3d at 445. The Court reasoned that the plaintiff's petition did not state a cause of action against the City of Pineville for the acts of the clerk of court. *Id.* The Court held that to find the City of Pineville vicariously liable, the plaintiff's petition "at minimum, would have to allege facts sufficient to address the factors provided in La. R.S. 42:1441.3" to establish the clerk of court as an employee of the City of Pineville. *Id.* The Court held that plaintiff's failure to allege such facts did not give rise to a cause of action against the City of Pineville. *Id.*

Here, Jones merely alleges in Paragraph 5 of his Petition that he was "under the supervision of the Chief of Police at the time, Brannon Decou." However, no allegations address the requisite master-servant relationship between the City and former Chief Bannon Decou for vicarious liability. Jones has failed to allege facts sufficient to address the factors under LA. REV. STAT 42:1441.3(B) such that the City could be vicariously liable for Decou's alleged actions. Absent vicarious liability under the doctrine of *respondeat superior*, Jones fails to state a cause of action against the City as to the actions of Decou, as in the *Johnson* case cited above. Therefore, Jones' claims against the City for the alleged actions of Decou must be dismissed with prejudice.

### d. *Jones Has Failed to Allege That He Was Subjected to a Hostile Work Environment*

Not only should all of Jones' claims related to Decou be dismissed with prejudice because of the lack of allegations supporting the master-servant relationship of Decou and the City, but Jones' Petition also fails to allege any facts that support that Decou's alleged conduct affected a term, condition, or privilege of his employment. Thus, Jones has failed to allege a claim for harassment.

Louisiana and federal jurisprudence provide that:[1]

---

[1] Louisiana courts apply federal jurisprudence when interpreting claims pursuant to LA. REV. STAT. 23:332. (*Artigue v. Wal-Mart Stores, Inc.* 154 So. 3d 1, 6 (La. App. 3rd Cir. 2/12/14) ("As this statute is similar to Title VII of the Civil Rights Act of 1964, Louisiana courts have availed themselves of decisions found in federal jurisprudence when interpreting claims pursuant to La. R.S. 23:332").

4

> In order to make a prima facie case for hostile work environment [sexual harassment], the employee must assert and prove that: (1) she belonged to a protected group; (2) she was subjected to unwelcome sexual harassment; (3) the harassment was based on gender; (4) *the harassment affected a term, condition, or privilege of employment*; and (5) *respondeat superior.*

*Spears v. Rountree Oldsmobile-Cadillac Co.*, 653 So.2d 182, 184 (La. App. 2nd Cir. 4/5/95) (emphasis added); *see also Collins v. Baptist Memorial Geriatric Center*, 937 F.2d 190 (5th Cir. 1991).

Generally, harassment affects a term, condition, or privilege of employment when the alleged harassment was so severe or pervasive that it alters the conditions of the workplace and creates an abusive working environment. *Hernandez v. Yellow Transp. Inc.*, 670 F.3d 644, 651 (5th Cir. 2012); *See also Artigue v. Wal-Mart Stores, Inc.* 154 So. 3d 1, 8 (La. App. 3rd Cir. 2/12/14).

Here, Jones has not alleged that Decou's purported harassment affected a term, condition, or privilege of his employment. Jones has failed to allege facts demonstrating that any of Decou's actions were sufficiently "severe or pervasive." *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998) ("We have made it clear that conduct *must be extreme* to amount to a change in the terms and conditions of employment, and the Courts of Appeals have heeded this view.") (emphasis added). Therefore, Jones' Petition fails to assert a cause of action for hostile work environment.

Even if taken as true, Jones' allegations in his Petition fail to allege a harassment claim because they would not rise to the level of severe or pervasive acts that alter the conditions of the workplace and create a hostile work environment. Louisiana and Federal courts have consistently recognized that for conduct to rise to the level of harassment, it must be extreme. "The finding of a sexually hostile work environment is typically reserved for cases that 'involved patterns or allegations of extensive, long lasting, unredressed and uninhibited sexual threats or conduct that permeated the plaintiff's work environment.'" *LeDoux v. Golden Nugget Lake Charles LLC*, No. CV 2:16-0525, 2017 WL 831355, at *2 (W.D. La. Feb. 28, 2017) (citing *Indest v. Freeman Decorating, Inc.*, 164 F.3d 258, 264 (5th Cir. 1999)). Courts have found that no harassment existed when considering more egregious facts than those alleged in Jones' Petition. *See, e.g., Indest*, 164 F.3d 258, 264 (5th Cir. 1999) (rejecting harassment claim based on repeated "vulgar remarks and innuendos (about his own anatomy)" made by supervisor to plaintiff); *Carle v. Mar. Hous., Inc.*, No. CIV.A. 07-892, 2009 WL 222982, at *12 (W.D. La. Jan. 27, 2009) (finding no harassment existed where plaintiff complained of supervisor touching her back to determine if she was wearing a brassiere,

5

335897.v1

co-worker and supervisor making sleazy jokes and grabbing their crotches, supervisor frequently inquiring about plaintiff's sex life, and supervisor's references to oral sex); *Barnett v. Boeing Co.*, 306 F. App'x 875, 879 (5th Cir. 2009) (finding no harassment where plaintiff complained of co-worker "leering" at her, touched her in sexually inappropriate and unwelcome ways, and allegedly actively intimidated plaintiff after she complained co-worker's actions).

Jones has failed to assert a cause of action based on the vague allegations in his Petition of messages, which lack any sexually inappropriate language or explicit content. In fact, most of the messages quoted in his Petition contain statements that lack any sexual context whatsoever. In summary, the language in these alleged messages were statements that Jones could "cut lose" with Decou; Decou noting that Jones had "been quiet lately;" Decou's concern about Jones and letting Jones know that he was "here if you need anything;" and that "Santa was coming to town." *See* Petition, ¶¶ 8, 19, 20, 24, 25, and 26. Additionally, the only alleged images sent by Decou were of Decou shirtless—something no more scandalous than sexual jokes regularly told on major network television programs. *See Indest,* 164 F.3d at 264 (rejecting harassment claims and finding that the conduct was "no more offensive than sexual jokes regularly told on major network television programs.")

Further, Jones has failed to allege that the terms or conditions of his employment were affected at all. There are no allegations that his workplace performance or competence was impacted by the alleged conduct of Decou. *See Pulliam v. Comcorp of Baton Rouge, Inc.,* No. CIV.A. 08-236-BAJ, 2010 WL 4939993, at *3 (M.D. La. Oct. 28, 2010), *report and recommendation adopted,* No. CIV.A. 08-236-BAJ, 2010 WL 4932681 (M.D. La. Nov. 30, 2010) (recognizing that courts look to whether the alleged conduct "unreasonably interferes with an employee's work performance" and "whether the conduct undermines the plaintiff's workplace competence" to determine whether the conduct is severe or pervasive.) Jones has failed to allege the necessary elements for harassment, and so his claim should be dismissed with prejudice.

e. *Jones Fails to Allege a Claim for Negligent Hiring, Retention, Training and Supervision*

Even if not precluded by the workers' compensation exclusivity rule, Jones has not alleged the elements necessary to meet a negligent hiring, retention, training, and supervision claim. A negligent hiring, retention, training, and supervision claim is generally governed under the duty-risk analysis employed for general negligence. *Kelly v. Dyson,* 10 So. 3d 283, 287 (La. App. 5 Cir. 3/24/2009). To determine liability under the duty-risk analysis, a plaintiff must prove five

6

335897.v1

elements: (1) duty, (2) breach of that duty, (3) cause-in-fact, (4) scope of liability or scope of protection (*i.e.* proximate or legal cause), (5) damages. *Griffin v. Kmart Corp.*, 776 So. 2d 1226, 1230 (La. App. 5 Cir. 11/28/00).

Here, Jones has not alleged facts sufficient to support the five-elements under the duty-risk analysis as he has not provided what duty, if any, the City had, how such duty was breached by the City, or how the requisite master-servant relationship existed between Decou and the City (see Section c above). As Decou was an elected official, there can be no such negligent hiring, retention, supervision or training claim.[2] Additionally, because, as discussed above, Jones has failed to allege a sexual harassment claim in his Petition, Jones has failed to allege an injury to establish his negligence claim.

Further, a duty is imposed on an employer to exercise reasonable care in the election of its employees when "an employer hires an employee who in the performance of his duties will have a unique opportunity to commit a tort against a third party. *Griffin*, 776 So. 2d at 1231 ("Providing an employee with access to guns provides that employee with a "unique opportunity" to cause injury to customers, regardless whether the employee's action is done negligently or with intent."). Jones, however, has not alleged that the City provided Decou, an elected official, or any of its employees with a unique opportunity to sexually harass him. Rather, Jones only alleges that Defendant's unidentified actions caused him to be subjected to sexual harassment by Decou. This is merely conclusory and, therefore, does not state a cause of action against the City. *Ramey*, 869 So.2d at 118.

Moreover, the Louisiana Supreme Court has looked to common law jurisprudence for guidance on a claim for negligent hiring, training, retention and supervision. *Roberts v. Benoit*, 605 So.2d 1032, 1036 (La. 1991) ("In applying these general codal provisions to concrete master-servant problems, we have recognized the appropriateness of drawing freely from the common law jurisprudence."). It is therefore appropriate to look to the Restatement of Torts, which provides that the employer must know or should know an employee is incompetent at the time of hiring, supervising, retaining, or training the employee, such that the employment involves an unreasonable risk of harm to others. Restatement (Second) of Torts § 307 (1965). Jones to fails to

---

[2] Moreover, the vague allegations raised in Paragraph 38 of the Petition against Assistant Chief Chris Galvez ("Galvez") admittedly have no connection to Jones' claims and cannot state a cause of action against the City for negligent hiring, retaining, supervising or training.

7

allege that the City knew any of its employees were incompetent at the time of hiring, supervising, retaining, or training them.

Jones also fails to allege the City was negligent in its pre-employment procedures when hiring Burke or Fontenot. There are no factual allegations whatsoever as to what training or supervision was lacking or constituted negligence by the City—only conclusory allegations. Jones only alleges that Defendant's unidentified actions caused him to be subjected to sexual harassment by Decou. Jones fails to allege that Coy Burke ("Burke"), in his role as Lieutenant, and Hunter Fontenot ("Fontenot"), in his role as Sergeant, were incompetent such that the City as their employer knew or should have known of any incompetence at the time of hiring or in retaining, supervising or training them. As such, Jones has failed to state a cause of action for negligent hiring, retention, supervision or training, and these claims should be dismissed with prejudice.

**f. _Jones Has Failed to Specifically Allege Any Workplace Conduct or Practice by the City That Resulted in Discrimination in Violation of LA. REV. STAT. 23:332(A)(1)_**

None of the allegations set forth in Jones' Petition for Damages state a cause of action for a discrimination claim. In Paragraph 38 of Jones' Petition for Damages, Jones alleges that he was "protected [and] discriminated [against] on the basis of sex." However, Jones' petition is woefully absent as to what actions by Defendants constitute discrimination based on sex. As mere conclusions of a plaintiff unsupported by facts do not set forth a cause of action, Jones' claim for discrimination must be dismissed, with prejudice. _Ramey_, 869 So.2d 114 at 118.

Further, Jones alleges in Paragraph 37 of his Petition for Damages that injuries he sustained were caused _solely_ through the _negligence_ of Defendants. Louisiana law on employment discrimination makes clear that it is unlawful to discriminate against an employee by _intentionally_ failing or refusing to hire or discharge him, "or otherwise to _intentionally_ discriminate against any individual with respect to his compensation, or his terms, conditions, or privileges of employment, because of the individual's race, color, religion, sex, or national origin." LA. REV. STAT. 23:332(A)(1); _Artigue v. Wal-Mart Stores, Inc._ 154 So. 3d 1, 6 (La. App. 3rd Cir. 2/12/14). Because Jones' Petition is solely based in negligence and lacks any allegations regarding the elements of discrimination, he has failed to state a cause of action for discrimination on the basis of sex (see Section above). Therefore, Jones' discrimination claim must be dismissed with prejudice.

8

335897.v1

## CONCLUSION

Based on the foregoing, Defendant City of Broussard respectfully requests that this Court grant its Peremptory Exception of No Cause of Action and dismiss Jones' suit with prejudice and at Plaintiff's cost.

Respectfully Submitted:

**BREAZEALE, SACHSE & WILSON, L.L.P.**

By: _____

Fredrick E. Preis (Bar # 10704)
Eve B. Masinter (Bar #1218)
Philip J. Giorlando (Bar #38234)
909 Poydras Street
Suite 1500
New Orleans, LA 70112
Telephone: (504) 584-5468
Facsimile: (504) 584-5452
E-mail: eve.masinter@bswllp.com
E-mail: philip.giorlando@bswllp.com

*Attorneys for Defendants,*
*City of Broussard*

## CERTIFICATE OF SERVICE

I hereby certify a copy of the foregoing Peremptory Exception of No Cause of Action has been served by e-mail and/or first-class mail upon all counsel of record this 6th day of December, 2021.

_____
EVE B. MASINTER

9

335897.v1

Lafayette Parish
Filed Dec 06, 2021 1:45 PM
Maria Arceneaux
Deputy Clerk of Court
E-File Received Dec 06, 2021 12:28 PM

C-20215323

## 15TH JUDICIAL DISTRICT COURT FOR THE PARISH OF LAFAYETTE
## STATE OF LOUISIANA

NO.: C-20215323                                                    DIVISION "I"

### TAYLOR JONES

### VERSUS

### CITY OF BROUSSARD

FILED:_____

                              **DEPUTY CLERK**

### RULE TO SHOW CAUSE

Considering the foregoing Peremptory Exception of No Cause of Action along with the supporting Memorandum filed by Defendant City of Broussard;

**IT IS HEREBY ORDERED** that Taylor Jones shall appear and show cause on **2** of **MARCH** 2022, at **10:00 A** .m. why this Court should not sustain the Peremptory Exception of No Cause of Action and dismiss Jones' suit with prejudice and at his costs.

Lafayette, Louisiana, this _____ day of December, 2021.

                    SIGNED IN LAFAYETTE, LOUISIANA ON 12/7/2021.

                              Andre Doguet

                    HONORABLE JUDGE THOMAS R. DUPLANTIER
                    ANDRE' DOGUET, COMMISSIONER
                    15TH JUDICIAL DISTRICT COURT

**PLEASE SERVE:**

Taylor Jones
Through his Counsel of Record:
Lee Durio (Bar #37453)
Breaux Bridge, LA 70517
Telephone: 337.909.1111
Fax: 337.909.1112

335897.v1


LAFPC.CV.63524649

Requested by Atty.: MASINTER, EVE

*1720*

# RULE NISI

TAYLOR JONES

VS

CITY OF BROUSSARD

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20215323 I**
**BEFORE JUDGE THOMAS R. DUPLANTIER**

**PARISH OF LAFAYETTE, LOUISIANA**

TO:  TAYLOR JONES
THROUGH HIS COUNSEL OF RECORD:
LEE DURIO (BAR #37453)
241 W. MILLS AVENUE
BREAUX BRIDGE, LA 70517

   **BY VIRTUE OF** an order from the Honorable Court, 15TH JUDICIAL DISTRICT COURT in and for the Parish of Lafayette, State of Louisiana of date 12/07/2021, you are hereby ordered to appear in Open Court on **MARCH 2, 2022, at 10:00 AM,** in order to show cause why you should not comply with the attached order.

   **WITNESS THE HONORABLE** Judges of the said Court, at Lafayette Parish, Louisiana, this

DECEMBER 9, 2021.

*Shonda Bourtiea*
Deputy Clerk of Court
Lafayette Parish

\*Attached are the following documents:
**PREMPTORY EXCEPTION OF NO CAUSE OF ACTION, MEMORANDUM AND ORDER**

SHERIFF'S RETURN
LAFAYETTE PARISH SHERIFF

DATE SERVED: 12-14-21 , 20_____ TIME: 09:40
SERVED:
PERSONAL ( )
DOMICILIARY ( ) ON _____  _____
UNABLE TO LOCATE  ( ) MOVED ( )  NO SUCH ADDRESS ( )
OTHER REASON:
RECEIVED TOO LATE FOR SERVICE  ( )
SERVICE OF WITHIN PAPERS
COSTS FEE $_____ MILEAGE $_____  TOTAL $_____
DEPUTY _____, 5 MBO

Lafayette Parish Clerk of Court
Filed This Day

**DEC 20 2021**

_____
Deputy Clerk of Court

Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational group.  Please dress appropriately.  Cellular phones and beepers must be on silent or off. Camera Phones are NOT allowed in the courthouse.

If you require an interpreter for court visit https://15thjdc.org/uploads/requestformrevisedMar2011.pdf.

12/16/2021 7:32:37AM

**ST MARTIN PARISH SHERIFF**
**INVOICE**

INVOICE #    12361
PAGE    1 OF    2

Pay To:

Becket Breaux
St Martin Parish Sheriffs Office
400 St Martin Street
St. Martinville, LA 70582

**LAFAYETTE PARISH CLERK OF COURTS**
P.O. BOX 2009
LAFAYETTE, LA70502-2009

| PARISH 28 | Charge | Paid | UnPaid |
|---|---|---|---|
| **SUIT NO. 20193292 DAISY LYNETTE PREJEAN VS KAYLA ANNETTE JOULEVETTE** | | | |
| 12/10/2021 15 NOTICE | 33.60 | 0.00 | 33.60 |
| Not known at this address TO KAYLA ANNETTE JOULEVETTE ON 12/15/2021 BY 2064 TROSCLAIR | | | |
| DAISY LYNETTE PREJEAN VS KAYLA ANNETTE JOULEVETTE | | | |
| **SUIT NO. 20213293 ANGEL WHITNEY RENEE VALLIER vs MICHAEL JACOBY DUGAS , JR** | | | |
| 12/09/2021 9 JUDGMENT | 63.60 | 0.00 | 63.60 |
| DOMICILIARY TO KAILEY LIVINGS FOR MICHAEL JACOBY DUGAS , JR ON 12/14/2021 BY 2064 TROSCLAIR | | | |
| ANGEL WHITNEY RENEE VALLIER vs MICHAEL JACOBY DUGAS , JR | | | |
| **SUIT NO. 20215323 TAYLOR JONES vs CITY OF BROUSSARD** | | | |
| 12/13/2021 22 RULE TO SHOW CAUSE | 54.08 | 0.00 | 54.08 |
| DEPARTMENTAL TO TIFFANY ESCOYNE FOR TAYLOR JONES THRU LEE DURIO ON 12/14/2021 BY 1720 WARDLAW | | | |
| TAYLOR JONES vs CITY OF BROUSSARD | | | |
| **SUIT NO. 20215724 ANGEL WHITNEY RENEE VALLIER vs KAILEY LIVINGS** | | | |
| 12/10/2021 3 CITATION | 63.60 | 0.00 | 63.60 |
| PERSONAL TO KAILEY LIVINGS ON 12/14/2021 BY 2064 TROSCLAIR | | | |
| ANGEL WHITNEY RENEE VALLIER vs KAILEY LIVINGS | | | |
| **SUIT NO. 20216127 TREY JOHNSON vs IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY** | | | |
| 12/06/2021 3 CITATION | 58.00 | 0.00 | 58.00 |
| PERSONAL TO CAROLYN EDMOND ON 12/14/2021 BY 2064 TROSCLAIR | | | |
| TREY JOHNSON vs IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY | | | |
| **SUIT NO. 20216259 LANARD WHITTINGTON vs GO AUTO INSURANCE CO** | | | |
| 12/13/2021 3 CITATION | 30.00 | 0.00 | 30.00 |
| Unable to locate TO MUST BE THREE DIGEST/ CHECK WITH UTILITIES AND NO PERSON BY THAT NAMES SKY ANGERS ON 12/15/2021 BY 1720 WARDLAW | | | |
| LANARD WHITTINGTON vs GO AUTO INSURANCE CO | | | |
| **SUIT NO. 20216344 HEATHER FILER vs PROGRESSIVE SECURITY INSURANCE CO ET AL** | | | |

Page 1 of 2

12/16/2021  7:32:37 AM

**ST MARTIN PARISH SHERIFF**
**INVOICE**

INVOICE #      12361
PAGE      2 OF      2

**Pay To:**

**Becket Breaux**
St Martin Parish Sheriffs Office
400 St Martin Street
St. Martinville, LA 70582

**LAFAYETTE PARISH CLERK OF COURTS**
P.O. BOX 2009
LAFAYETTE, LA 70502-2009

| PARISH  28 | Charge | Paid | UnPaid |
|---|---|---|---|
| 12/13/2021 25 SUBPOENA<br>VACANT TO JEREMI SMITH ON 12/15/2021 BY 1720 WARDLAW<br>HEATHER FILER vs PROGRESSIVE SECURITY INSURANCE CO ET AL | 24.08 | 0.00 | 24.08 |

*** TOTAL DUE THIS INVOICE ***      326.96
*********PLEASE RETURN THIS INVOICE OR A COPY WITH PAYMENT*********

Page 2 of 2

Requested by Atty.: MASINTER, EVE

LAFPC.CV.63524649

*1720*

# RULE NISI

**TAYLOR JONES**

**VS**

**CITY OF BROUSSARD**

**15TH JUDICIAL DISTRICT COURT**

**DOCKET NUMBER: C-20215323 I**
**BEFORE JUDGE THOMAS R. DUPLANTIER**

**PARISH OF LAFAYETTE, LOUISIANA**

TO:   **TAYLOR JONES**
**THROUGH HIS COUNSEL OF RECORD:**
**LEE DURIO (BAR #37453)**
**241 W. MILLS AVENUE**
**BREAUX BRIDGE, LA 70517**

  **BY VIRTUE OF** an order from the Honorable Court, 15TH JUDICIAL DISTRICT COURT in and for the Parish of Lafayette, State of Louisiana of date 12/07/2021, you are hereby ordered to appear in Open Court on **MARCH 2, 2022**, at **10:00 AM**, in order to show cause why you should not comply with the attached order.

  **WITNESS THE HONORABLE** Judges of the said Court, at Lafayette Parish, Louisiana, this **DECEMBER 9, 2021.**

*Shonda Bourliea*
Deputy Clerk of Court
Lafayette Parish

***Attached are the following documents:**
**PREMPTORY EXCEPTION OF NO CAUSE OF ACTION, MEMORANDUM AND ORDER**

| SHERIFF'S RETURN LAFAYETTE PARISH SHERIFF | Lafayette Parish Clerk of Court Filed This Day |
|---|---|
| DATE SERVED: 12-14-21 , 20_____ TIME: 09:40 SERVED: PERSONAL ( ) DOMICILIARY ( ) ON _____ _____ UNABLE TO LOCATE ( ) MOVED ( ) NO SUCH ADDRESS ( ) OTHER REASON: RECEIVED TOO LATE FOR SERVICE ( ) SERVICE OF WITHIN PAPERS COSTS FEE $_____ MILEAGE $_____ TOTAL $_____ DEPUTY _____ | DEC 20 2021 |

**Children under 12 are not allowed in Court unless they are parties, witnesses or part of an educational group. Please dress appropriately. Cellular phones and beepers must be on silent or off. Camera Phones are NOT allowed in the courthouse.**

**If you require an interpreter for court visit https://15thjdc.org/uploads/requestformrevisedMar2011.pdf.**

12/10/2021  7:32:37AM

ST MARTIN PARISH SHERIFF
INVOICE

INVOICE #    12361
PAGE    1 OF    2

Pay To:

**Becket Breaux**
St Martin Parish Sheriffs Office
400 St Martin Street
St. Martinville, LA 70582

**LAFAYETTE PARISH CLERK OF COURTS**
P.O. BOX 2009
LAFAYETTE, LA70502-2009

| PARISH  28 | Charge | Paid | UnPaid |
|---|---|---|---|
| **SUIT NO. 20193292 DAISY LYNETTE PREJEAN VS KAYLA ANNETTE JOULEVETTE** | | | |
| 12/10/2021 15 NOTICE<br>Not known at this address TO KAYLA ANNETTE JOULEVETTE ON<br>12/15/2021 BY 2064 TROSCLAIR<br>DAISY LYNETTE PREJEAN VS KAYLA ANNETTE JOULEVETTE | 33.60 | 0.00 | 33.60 |
| **SUIT NO. 20213293 ANGEL WHITNEY RENEE VALLIER vs MICHAEL JACOBY DUGAS , JR** | | | |
| 12/09/2021 9 JUDGMENT<br>DOMICILIARY TO KAILEY LIVINGS FOR MICHAEL JACOBY DUGAS ,<br>JR ON 12/14/2021 BY 2064 TROSCLAIR<br>ANGEL WHITNEY RENEE VALLIER vs MICHAEL JACOBY DUGAS , JR | 63.60 | 0.00 | 63.60 |
| **SUIT NO. 20215323 TAYLOR JONES vs CITY OF BROUSSARD** | | | |
| 12/13/2021 22 RULE TO SHOW CAUSE<br>DEPARTMENTAL TO TIFFANY ESCOYNE FOR TAYLOR JONES THRU<br>LEE DURIO ON 12/14/2021 BY 1720 WARDLAW<br>TAYLOR JONES vs CITY OF BROUSSARD | 54.08 | 0.00 | 54.08 |
| **SUIT NO. 20215724 ANGEL WHITNEY RENEE VALLIER vs KAILEY LIVINGS** | | | |
| 12/10/2021 3 CITATION<br>PERSONAL TO KAILEY LIVINGS ON 12/14/2021 BY 2064 TROSCLAIR<br>ANGEL WHITNEY RENEE VALLIER vs KAILEY LIVINGS | 63.60 | 0.00 | 63.60 |
| **SUIT NO. 20216127 TREY JOHNSON vs IMPERIAL FIRE AND CASUALTY INSURANCE COMPANY** | | | |
| 12/06/2021 3 CITATION<br>PERSONAL TO CAROLYN EDMOND ON 12/14/2021 BY 2064<br>TROSCLAIR<br>TREY JOHNSON vs IMPERIAL FIRE AND CASUALTY INSURANCE<br>COMPANY | 58.00 | 0.00 | 58.00 |
| **SUIT NO. 20216259 LANARD WHITTINGTON vs GO AUTO INSURANCE CO** | | | |
| 12/13/2021 3 CITATION<br>Unable to locate TO MUST BE THREE DIGEST/ CHECK WITH<br>UTILITIES AND NO PERSON BY THAT NAMES/  SKY ANGERS ON<br>12/15/2021 BY 1720 WARDLAW<br>LANARD WHITTINGTON vs GO AUTO INSURANCE CO | 30.00 | 0.00 | 30.00 |
| **SUIT NO. 20216344 HEATHER FILER vs PROGRESSIVE SECURITY INSURANCE CO ET AL** | | | |

Page 1 of 2

**ST MARTIN PARISH SHERIFF**
**INVOICE**

INVOICE #    12361
PAGE    2 OF    2

**Pay To:**

**Becket Breaux**
St Martin Parish Sheriffs Office
400 St Martin Street
St. Martinville, LA 70582

**LAFAYETTE PARISH CLERK OF COURTS**
P.O. BOX 2009
LAFAYETTE, LA 70502-2009

| PARISH 28 | Charge | Paid | UnPaid |
|---|---|---|---|
| **12/13/2021 25 SUBPOENA**<br>VACANT TO JEREMI SMITH ON 12/15/2021 BY 1720 WARDLAW<br>HEATHER FILER vs PROGRESSIVE SECURITY INSURANCE CO ET AL | 24.08 | 0.00 | 24.08 |

*** TOTAL DUE THIS INVOICE ***    326.96
*********PLEASE RETURN THIS INVOICE OR A COPY WITH PAYMENT*********

Page 2 of 2

# Lee C. Durio
## Attorney at Law

_____

*A Limited Liability Company

241 West Mills Avenue
Breaux Bridge, Louisiana 70517
www.duriolaw.com

Phone: (337) 909-1111
Fax:     (337) 909-1112
Email: leedurio@duriolaw.com

February 22, 2022

Clerk of Court
15th JDC, Lafayette Parish
P.O. Box 2009
Lafayette, LA 70502

*Re: Taylor Jones vs. The City of Broussard*
*15th JDC, Lafayette Parish, Louisiana, Docket No. C202153231*

Dear Clerk,

Enclosed please find an original and one (1) copies of a *Pretrial Memorandum in Opposition of Exceptions of No Cause of Actioin* for presentation to the appropriate Judge for review. Please file the original into the suite record and return one (1) stamped copy to the undersigned.

Thank you for your attention in this matter. If you have any questions or concerns please do not hesitate to contact this office.

DURIO LAW OFFICE, LLC

Lee C. Durio
L.A. Bar Roll: 37453

LCD/te
Enclosure
CC:// Eve Masinter vis email;
Honorable Judge Thomas Duplantier via email

TAYLOR JONES

VERSUS

CITY OF BROUSSARD

15ᵀᴴ JUDICIAL DISTRICT COURT

DOCKET NO.: C-20215323 I

LAFAYETTE PARISH, LOUISIANA

**************************************************************************

## PRETRIAL MEMORANDUM IN OPPOSITION OF EXCEPTION NO CAUSE OF ACTION

**MAY IT PLEASE THE COURT:**

This Pre-Trial Memorandum is submitted on behalf of Petitioner, **TAYLOR JONES**, in response to the Exception of No Cause of Action filed by the **CITY OF BROUSSARD**. The matter is set to be heard before the Honorable Thomas Duplantier, at the Lafayette Parish Courthouse on March 2, 2022 at 9:00 a.m.

### PROCEDURAL HISTORY AND FACTS

On or about October 13, 2021, Petitioner, **TAYLOR JONES**, filed a Petition for Damages in these proceedings naming the **CITY OF BROUSSARD** as a Defendant. On or about December 6, 2021, the **CITY OF BROUSSARD** filed the above-mentioned exceptions of no cause of action.

### LAW AND ANALYSIS

**In response to section (a.) of Defendant's Memorandum:**

The function of an exception of no cause of action is to test the legal sufficiency of the petition by determining whether the law affords a remedy on the facts alleged in the pleading. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So. 2d 1234 (La. 1993).* No evidence may be introduced to support or controvert the objection that the petition fails to state a cause of action. *La. Code Civ. Proc. Art. 931.* Therefore, the court reviews the petition and accepts well pleaded allegations of fact as true, and the issue at the trial of the exception is whether, on the face of the petition, the plaintiff is legally entitled to the relief sought. *Everything on Wheels Subaru, Inc. v. Subaru South, Inc., 616 So. 2d at 1235.*

In this matter Petitioner, Taylor Jones, filed a Petition for Damages alleging the police chief of the City of Broussard sexually harassed him, created a hostile work environment, and the City of Broussard was negligent in its hiring practices. The face of the petition sets forth these facts in detail as required by Louisiana's fact pleadings law. Petitioners are not required to plead or prove the entire case in their petition, but alleges certain facts that the court can accept as well pleaded allegations of fact as true. The **CITY OF BROUSSARD's** argument has no merit.

**In response to section (b.) of Defendant's Memorandum:**

In *Pham v. Contico Int'l, Inc.,* 99-945, pp. 5-6 (La. App. 5 Cir.3/22/00), 759 So. 2d 880, 882-83, the fifth circuit pointed out the exclusive remedy provisions of *R.S. 23:1032* do not grant an employer immunity from all tort suits by an employee simply by virtue of the employment relationship between the two. *This State recognizes an employee's cause of action against an employer for the torts of wrongful or retaliatory discharge, <u>sexual harassment</u>, and false accusation, false imprisonment, and defamation.* Therefore, the statutory immunity granted to an employed by *LSA-R.S. 23:1032* is not an immunity from all tort suits by an employee, but only those on account of an injury or disease compensable under the workers' compensation statutory scheme.

In *Sidwell v. Horseshoe Entm't Ltd. P'ship.,* 35,718 (La. App. 2 Cir.2/27/02), 811 So. 2d 229, the Claimant alleged that she was sexually harassed by being subjected to repeated sexual comments by a co-worker who also showed her a nude picture of himself. The court, in *Sidwell,* noted the following:

*Mental injuries caused by mental stress have become commonly known in Louisiana workers' compensation jurisprudence as "mental/mental" injuries and are addressed by <u>La. R.S. 23:1021(7)(b)</u>, which states as follows:* Mental injury or illness resulting from work-related stress shall not be considered a personal injury by accident arising out of and in the course of employment and is not compensable pursuant to this Chapter, unless the mental injury was the result of a *sudden, unexpected, and extraordinary* stress related to the employment and is demonstrated by clear and convincing evidence.

The mental injury must be precipitated by an accident, an unexpected and unforeseen event that occurs suddenly or violently. *Edwards v. Fischbach & Moore Inc.,<u> 31,371 (La. App.2d Cir.12/09/98), 722 So. 2d 344,</u> citing Sparks v. Tulane Medical Center Hosp. and Clinic,<u> 546 So. 2d 138 (La. 1989).</u>* The mere showing that a mental injury was related to general conditions of employment, or to incidents occurring over an extended period of time, is not enough to justify compensation. *Sparks, supra; Edwards, supra.* Absent an identifiable accident, general allegations of inability to work due to stress or tension caused by working conditions would not give rise to a compensable claim

In *Adams v. Temple Inland, LA, 03-187 ( La. App. 3 Cir 11/05/03), 858 So. 2d 855, 856,* In a workers' compensation case, the claimant appealed a judgment denying her claim for benefits in connection with her mental injury caused by mental stress due to sexual harassment in the course

of her employment. The court affirmed, stating that the claimant's injury failed to meet the requirements of La. Rev. Stat. Ann. § 23:1021(7)(b). There was not a single, unexpected, and extraordinary "event" that cause her mental injury, but rather various events and occurrences of sexual harassment that had occurred over an extended period of time. Thus, she failed to prove that her mental injury was compensable. While she might have a legal remedy for the mental injury she sustained, that remedy did not lie under the Workers' Compensation Act, La. Rev. Stat. Ann. § 23:1021 et seq.

The above referenced cases are just like the matter at hand. The City of Broussard cannot claim no liability using the exclusivity rule built into workers compensation laws. Plaintiff's claims were over a period of a few months and not *sudden, unexpected, and extraordinary* stress related to the employment and is demonstrated by clear and convincing evidence. Further as stated in *Pham v. Contico Int'l, Inc., 99-945, pp. 5-6 (La. App. 5 Cir.3/22/00), 759 So. 2d 880, 882-83,* the State recognizes sexual harassment as a cause of action.

The **CITY OF BROUSSARD's** claims here have no merit.

**In response to section (c.) of Defendant's Memorandum:**

As a general rule, the jurisprudence has identified four factors to consider in making a vicarious liability determination, including whether the tortious act: (1) was primarily employment rooted; (2) was reasonably incidental to performance of employment duties; (3) occurred during work hours; and (4) occurred on the employer's premises. *LeBrane v. Lewis*, 292 So. 2d 216, 218 (La.1974); *Samuels v. Southern Baptist Hospital*, 594 So. 2d 571, 573 (La.App. 4 Cir.), *writ denied*, 599 So. 2d 316 (La.1992). It is not necessary that each of the factors be present in each case and each case must be decided on its own merits. *Id.* Under the *LeBrane* test, an employer is responsible for the negligent acts of its employee when the conduct is so closely connected it time, place and causation to the employment duties of the employee that it constitutes a risk of harm attributable to the employer's business. *Orgeron v. McDonald*, 93-1353, 639 So. 2d 224, 227 (La.1994). Campbell v. Verrett, 2002-0695 ( La. App. 3 Cir 10/30/02), 829 So. 2d 1141, 1144.

Although elected the Police Chief of Broussard is an employee of the City of Broussard. He is paid his annual salary by the City of Broussard, all hiring and firing of police men must be approved by the City Counsel of Broussard, and the entire budget of the Broussard Police Department is approved and give by the city. Further, the sexual harassment policy and procedure of the police department is none other voted on and confirmed by the City Counsel.

As in *McDonald*, Jones would not have even know Decou has it not been for his employment with the Broussard Police Department in the supervisor/employee relationship, so it is mostly definitely employment rooted. The harassment began when Decou helped Jones with an open case he was investigating with the police department and, the harassment occurred during both Jones and Decou's work hours, and even some of the harassment occurred on the City's property while Decou was in his office and Jones was in hic police unit issued by the City. Liability is attachable to the **CITY OF BROUSSARD**.

Local governing bodies (and local officials sued in their official capacities) can, therefore, be sued directly under § 1983 for monetary, declaratory, and injunctive relief in those situations where, as here, the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted or promulgated by those whose edicts or acts may fairly be said to represent official policy. In addition, local governments, like every other § 1983 "person," may be sued for constitutional deprivations visited pursuant to governmental "custom" even though such custom has not received formal approval through the government's official decision-making channels. *Monell v. Department of Soc. Svcs., 436 U.S. 658 (1978).*

In *Starrett v. Wadley*, the Tenth Circuit addressed the issue of municipal liability under section 1983. In Starrett, a female employee brought a sexual harassment and retaliatory discharge suit under section 1983 against her supervisor, Wadley, and his employer, Creek County. The court held a municipality is only liable for acts of its officials if those acts constitute official policy or custom. Furthermore, a municipality can only be liable for the acts of an official who has final policymaking authority with respect to the acts in question. Here, the City of Broussard has the final authority to hire and fire police officers such as Galvez and Fontenot. Even after Jones advised them of the harassment, the city failed to investigate any of the allegations until the media was involved. *Starrett v. Wadley, 876 F.2d 808 (10th Cir. 1989).*

In Brandon v. Holt, the Supreme Court addressed the issue of a public official's actions imposing "liability on the entity that he represented. In *Brandon*, the plaintiff brought suit pursuant to section 1983 against a Memphis police officer, the Director of the Memphis Police Department, and the city. The plaintiff claimed that the director acted improperly in his official capacity. According to the plaintiff, the director "should have known [that an officer in the department had]

dangerous propensities [which] created a threat to the rights and safety of citizens." The district court attributed this lack of knowledge to policies in effect at the department. In *Brandon*, the Court "equated" the director's actions, in his official capacity, with the actions of the city. The Court quoted *Monell* in saying "[o]official capacity suits generally represent an action against an entity of which an officer is an agent." The court held the city liable for the acts of its director. *Brandon v. Holt, 469 U.S. 464 (1985).*

The **CITY OF BROUSSARD** can be held liable for the act of Decou as he was in his capacity as police chief acting in his official capacity making him an agent of the city.

**In response to section (d.) of Defendant's Memorandum:**

In *Bergeron v. Smith & Assocs., 2007-2410 ( La. App. 1 Cir 6/11/08), 986 So. 2d 258,* The record shows that at trial, the plaintiffs testified that they were subjected to repeated harassment of a sexual nature, including off-color jokes, sexual propositions, and sexual innuendos. This testimony was supported by another female employee that the Defendants were known to tell "dirty" jokes. She also testified that she was repeatedly subjected to off-color jokes and vulgar language. Both plaintiffs testified that these situations made their working conditions unpleasant and offensive. Given the facts and circumstances herein, the court concluded that the trial court did not err in finding in favor of plaintiffs and found that the actions and conduct of the defendants rose to the level necessary to support a finding of a hostile work environment. Title VII affords every employee the right to work in an environment free from discriminatory intimidation, ridicule, and insult.

In *Artigue v. Wal-Mart Stores, Inc., 13-537 ( La. App. 3 Cir 02/12/14), 154 So. 3d 1, 7-8,* the Plaintiff set forth the following incidents of **harassment** against her by an employee:

1. Sometime **in** August of 2008, Joubert handed Plaintiff some paperwork and Joubert's hand was "moving toward" Plaintiff's stomach. Plaintiff moved away from Joubert.

2. While reviewing paperwork with Plaintiff, Joubert's finger or pen touched Plaintiff's knee. Plaintiff moved the chair back to avoid any further contact until Joubert left the room.

3. On one occasion **in** mid-August, 2008, Joubert walked behind Plaintiff **in** a group of people and stated "that's okay, walk faster, I love to see you walk."

4. On September 29, 2008, Joubert told Plaintiff that she was pretty and that he liked to see her walk.

5. On one occasion Joubert asked Plaintiff if she was bothered that he was a married man and during that same conversation then made a sexually explicit comment about Jolly Rancher candy to Plaintiff inferring that pink was the color of his private parts. "He as he pulled out of his pocket a candy . . . I asked 'Do you  have a red?' And he said 'No it's not red it's pink.' With a smirk on his face."

6. On October 4, 2008, Plaintiff stated when she and Joubert were alone **in** a trailer, Joubert reached around her several times, finally grabbing her buttocks aggressively and then running is finger over Plaintiff's vagina.

A **sexual harassment** claim, by its very nature, is very [fact] intensive." *White v. Golden*, 43,076, p. 14 (La.App. 2 Cir. 4/30/08), 982 So.2d 234, 244.

Here, Counsel leaves out of their memorandum the incidents where the Decou asking Jones if he "always shoots prematurely" and incidents where Decou asked Jones to send him "scandalous pictures of himself, and also incidents where Decou pressured Jones further for the pictures despite Jones discomfort. Further, Decou told Jones his "wife would not mind if he sent the pictures (see Petition paragraphs 14-18). It is ultimately the decision of the trier of fact could find Plaintiff's allegations sufficient to amount to severe or pervasive conduct. Decou's actions consisted of sexually explicit pictures, comments, and request for sexually explicit photographs. The actions of Decou are similar to the actions as stated in *In Artigue v. Wal-Mart Stores, Inc., 13-537 ( La. App. 3 Cir 02/12/14), 154 So. 3d 1.*

Jones conditions of employment were affected by the sexual harassment he was forced to endure from Decou. The United States Supreme Court recently affirmed its holding in *Meritor*, stating that when the workplace is permeated with "discriminatory intimidation, ridicule, and insult, that is 'sufficiently severe or pervasive to alter the conditions of the victim's employment and create an abusive working environment,' Title VII is violated." *Harris  v.  Forklift Systems, Inc.*,U.S., <u>114 S. Ct. 367, 370 (1993)</u>; *Meritor*, <u>477 U.S. at 67, 106 S. Ct. at 2405</u>.

The Court further explained that to determine if a work environment is discriminatorily abusive, a trier of fact must look at all the circumstances. The factors may include the frequency of the discriminatory conduct; its severity; whether it is physically threatening or humiliating, or a mere offensive utterance; and whether it unreasonably interferes with an employee's work performance. The effect on the employee's psychological well-being is only one factor to consider, but is not by itself, determinative. Rather, the Court reiterated that the language of Title VII

"evinces a congressional intent 'to strike at the entire spectrum of disparate treatment of men and women' in employment, which includes requiring people to work in a discriminatorily hostile or abusive environment." *Harris*, 114 S. Ct. at 370; *Meritor*, 477 U.S. at 64, 106 S. Ct. at 2405.

Therefore, Jones conditions of employment were affected as it ultimately led him to resign and causing mental stress, an unpleasant workplace, and personal issues in his marriage.

The **CITY OF BROUSSARD's** claims here have no merit.

### In response to section (e.) of Defendant's Memorandum:

This argument may be fixed by amendment of Petitioner.

### In response to section (f.) of Defendant's Memorandum:

Sex discrimination under Title VII "is not limited to disparate treatment founded solely or categorically on gender; rather such discrimination "is sex discrimination whenever, sex, for no legitimate reason is a substantial factor in the discrimination." *Bundy v. Jackson*, 205 U.S. App. D.C. 444, 641 F.2d 934, 942-43 (D.C. Cir. 1981).

A sex-founded impediment to equal employment opportunity succumbs to Title VII even though less than all employees of the claimant's gender are affected. The protections afforded by Title VII against sex discrimination are extended to the individual, and "a single instance of discrimination may form the basis of a private suit." To briefly illustrate, suits have been entertained where a woman charged that she was fired because she was pregnant and unmarried, notwithstanding the fact that no other woman was discharged for that reason, and where a male nurse asserted that he was denied assignments to care for female patients, although no allegations were made with respect to the assignment of other male nurses. Close analogies emerge from situations wherein a black woman was terminated ostensibly for personality conflicts but allegedly was told that she probably did not need the job anyway because she was married to a white male, and where a white woman attribute loss of her job to her relationship with a black man. In each of these instances, a cause of action was recognized although it did not appear that any other individual of the same gender or race had been mistreated by the employer. *Barnes v. Costle, 183 U.S. App. D.C. 90, 561 F.2d 983, 993-94 (1977)*.

The statute in explicit terms proscribes discrimination "because of . . . sex," with only narrowly defined exceptions completely foreign to the situation emerging here. The legislative history similarly discloses a congressional purpose to outlaw any and all sex-based discrimination, equally with any other form of discrimination which Title VII condemns. Beyond

these considerations, the courts have consistently recognized that Title VII must be construed liberally to achieve its objectives; as we ourselves recently noted, it "requires an interpretation animated by the broad humanitarian and remedial purposes underlying the federal proscription of employment discrimination." *Barnes v. Costle, 183 U.S. App. D.C. 90, 561 F.2d 983, 993-94 (1977).*

In *Alphonse v. Omni Hotels Mgmt. Corp., 94-0157 ( La. App. 4 Cir 09/29/94), 643 So. 2d 836, 839,* petitioner had had her job terminated after she refused her supervisor's sexual importunings. Courts have consistently held that sexual harassment need not take the form of sexual advances or of other instances with sexual overtones. Rather, any harassment or other unequal treatment of an employee or group of employees that would not occur but for the sex of the employee may, if sufficiently patterned or pervasive, comprise an illegal condition of employment under Title VII. *Hicks v. Gates Rubber Co., 928 F.2d 966, 971 (10th Cir. 1991); Hall v. Gus Const. Co., Inc., 842 F.2d 1010 (8th Cir. 1988).*

Here, had Jones no been of the male gender, the police chief would not have made sexual advances towards him. Had he been a female the Chief would not have sexually harassed him and the harassment was solely base on his gender as a male.

## CONCLUSION

**TAYLOR JONES** prays this Honorable Court deny the Defendants Exception of No Cause of Actions at the cost of the Defendants.

Respectfully submitted,
**DURIO LAW OFFICE, LLC**

_____
**Lee C. Durio (37453)**
241 W. Mills Avenue
Breaux Bridge, Louisiana 70517
(T) 337-909-1111
(F) 337-909-1112
leedurio@duriolaw.com
Attorney for *Taylor Jones*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the above and foregoing pleading has been served upon all counsel of record by either electronic mail, facsimile and/or by placing same in the United States mail, properly addressed and postage prepaid, this ____ day of _____, 2022.

_____
Lee C. Durio